BLAIR *v.* ST. LOUIS, H. & K. RY. CO. and others.

*In re* MERRIWETHER and others, Intervenors.[1]

*(Circuit Court, E. D. Missouri.  April 29, 1885.)*

RAILROAD MORTGAGES—LIEN OF MATERIAL-MEN—STATUTE OF FRAUDS.
   Where supplies used for rebuilding bridges, building side tracks, and in making repairs, were furnished a railroad company from time to time under a continuous verbal contract made after default in the payment of the company's bonded interest, and which was not terminated until the appointment of a re-

1 Reported by Benj. F. Rex, Esq., of the St. Louis bar.

ceiver, (more than two years after the first supplies were furnished,) *held* that, notwithstanding the statute of frauds, the material-men were, under the circumstances, entitled to judgment for the balance due them, and to a lien for the amount due on the earnings of the road, superior to that of the mortgage creditors.

Motion for Rehearing.

For a statement of facts and opinion on exceptions to master's report, see 22 FED. REP. 769.

In *Central Trust Co.* v. *Texas & St. L. Ry. Co.*, referred to in the opinion, the following order concerning intervening claims was made, viz.:

"That all outstanding debts of the said railway company for labor, materials, and supplies used in the equipment or permanent improvement of the said railroad, and all outstanding debts for necessary operating and managing expenses thereof in the ordinary course of its business, incurred after the first day of September, 1883, shall be allowed by the master as equitable liens, prior in right to the lien of the mortgage sued on, irrespective of statutory liens therefor. And it is further ordered that all such claims accruing on open running accounts between said railroad and its creditors shall be considered as embracing within this order, if any part of the work was done, materials furnished or expenses incurred after the first day of September, 1883, on subsisting contracts necessary for the continued operation of the road by said receiver; otherwise the demand will be limited to what accrued subsequent to said September 1st."

September 1st was the day upon which default took place.

*Walter C. Larned* and *Theo. G. Case*, for complainants.

*John O'Grady*, for receiver.

*Dyer, Lee & Ellis*, for intervenors.

BREWER, J., (*orally*.) The same principle announced concerning the intervening petitions in *Central Trust Co.* v. *Texas & St. L. Ry. Co.* will determine the case of *Merriwether* v. *St. Louis, H. & K. Ry. Co.* Some criticism was made in the argument on what was said by Brother TREAT as to the mortgagor being agent of the mortgagee after default in the payment of interest. I do not think my brother TREAT meant to be understood as laying down as a general proposition that wherever there was default the mortgagor became the general agent for the mortgagee for the contraction of debt. Certainly, if he did, I should not feel like agreeing with that view. But that was simply one argument in support of the general conclusion he reached, that in that particular case, there being a subsisting contract for the furnishing of all the lumber on a specified tract, and which had not been all delivered, the mortgagor might be properly treated as authorized by the mortgagee to act as his agent.

The motion for rehearing will be overruled.